# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| DWIGHT DAVID MASSEY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV415-028 |
| DISTRICT ATTORNEY MEG HEAP, | ) ) ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff Dwight Massey has filed has filed a complaint against the Chatham County District Attorney challenging the validity of his state court conviction. (Doc. 1.) Although he uses a standard 42 U.S.C. § 1983 complaint form, he states that he is "not filing a civil rights lawsuit but is asking this Court for a review and order to release petitioner." (*Id.* at 5.)

It is well settled that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994), citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973). Massey's challenge to the lawfulness of his conviction is "simply not cognizable

under § 1983." *Abella v. Rubino*, 63 F.3d 1063, 1066 (11th Cir. 1995). To the extent he seeks to proceed under that provision, the Court must *sua sponte* dismiss his complaint under 28 U.S.C. § 1915A(b)(2) (requiring a district court to determine "as soon as practicable" whether a prisoner's complaint seeking redress from a government official "is frivolous, malicious, or fails to state a claim upon which relief may be granted").[1] But as Massey disclaims any intent for civil rights relief and seeks release from custody rather than damages, the Court can only infer that he meant to seek habeas corpus relief pursuant to 28 U.S.C. § 2254.

This case should be **DISMISSED**. The Clerk, however, is **DIRECTED** to forward to Massey a copy of the District's form 28 U.S.C. § 2254 petition along with this Report and Recommendation.

**SO REPORTED AND RECOMMENDED** this 4Th day of May, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Furthermore, Massey has accumulated three strikes under 28 U.S.C. § 1915(g), and he is thus prohibited from proceeding *in forma pauperis* in a civil action or appeal unless he is "under imminent danger of serious physical injury." *Id.*; *see, e.g.*, *Massey v. Chatham County Superior Court*, No. CV408-091 (S.D. Ga. June 25, 2008) (collecting cases). Massey has alleged no "imminent danger" here.

2